UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Case No. 2:19-36-DLB-CJS |
| ) | |
| v. ) | |
| ) | **RECOMMENDATION OF** |
| JESSE BRYANT, ) | **ACCEPTANCE OF GUILTY PLEA** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On referral, the Court conducted a rearraignment of Defendant Jesse Bryant. On June 11, 2019, Defendant appeared before the undersigned for proceedings under Federal Criminal Rule 11, following Defendant's Motion for Rearraignment.

As established and detailed on the record:

1. After the Court informed Defendant of his right to rearraignment in the presence of a United States District Judge, Defendant personally consented to rearraignment before a United States Magistrate Judge. Defendant further consented to the Magistrate Judge conducting the Rule 11 hearing and making a recommendation concerning plea acceptance. The consent occurred orally and in writing. The consent was knowing, voluntary, and intelligent and occurred with counsel's advice. The United States also consented.

2. Defendant was placed under oath and performed the full colloquy as required by Rule 11. As set forth in the record, after the colloquy, the Court found Defendant competent to plead. Additionally, after advising Defendant of all applicable rights, covering the plea agreement (to include a waiver of appeal and partial waiver of collateral attack), and assuring

   Defendant's awareness of the nature of and all potential maximum penalties applicable to the charges at issue, as well as the sentencing process, the Court further found that Defendant pled guilty in a knowing, voluntary, and intelligent fashion.

3. Further, an adequate factual basis supporting the plea as to each essential offense element for the applicable counts was presented. The Court covered all areas and confirmed Defendant's understanding of all matters required in the context by Rule 11, the criminal rules, and the United States Constitution.

4. As such, and based on the Court's findings, the Court **RECOMMENDS** that the presiding District Judge **ACCEPT** the guilty plea of Jesse Bryant and **ADJUDGE** him guilty of Count 1 and Count 2 of the Indictment.

5. The Court informed the parties that the District Judge would defer acceptance of the Plea Agreement pending consideration as part of the final sentencing.

6. The June 17, 2019, jury trial date in this case is **VACATED** and jury trial for this Defendant is **CONTINUED GENERALLY** pending the District Judge's consideration of this Recommendation. *See* 18 U.S.C. § 3161(h)(1)(D), (G), (H).

7. A sentencing hearing before the presiding District Judge will be scheduled by separate order.

*Right to Object*

Defendant has the right to object to this Recommendation and to secure de novo review from the District Judge as to any matter to which he specifically objects and seeks review. Given the need for prompt case disposition and the requirements of the Speedy Trial Act, the Court **FINDS** that good cause exists pursuant to Rule 59(b)(2) to modify the standard objection period. Therefore, within **THREE** business days after being served with a copy of this decision, a party

may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make timely objection, in the manner described, may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals with respect to the particular decision at issue. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 950 (6th Cir. 1981).

Signed this 12th day of June, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\criminal cov\2019\19-36-DLB-CJS plea recommendation.docx